**LAW OFFICE OF GHASSAN O. HASAN**
Ghassan O. Hasan (State Bar No. 176682)
ghasan@gohesquire.com
26632 Towne Center Drive, Suite 300
Foothill Ranch, CA 92610
Telephone: (949) 966-0266
Facsimile: (310) 966-0355

Attorneys for PLAINTIFF ORTIZ BEVERAGE COMPANY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

| | |
|---|---|
| ORTIZ BEVERAGE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>RADIANT GLOBAL LOGISTICS, INC; FEDEX CARGO, INC.; LOCAL CHOICE, INC.; STRIPED PIG DISTILLERY, LLC; and DOES 1-10 inclusive,<br><br>Defendants. | **Case No. 5:25-cv-00676-KK-SP**<br><br>GENERAL JURISDICTION<br><br>**FIRST AMENDED COMPLAINT** |

# FIRST AMENDED COMPLAINT

**COMES NOW** Plaintiff ORTIZ BEVERAGE COMPANY ("PLAINTIFF" or "ORTIZ") hereby complains against Defendants RADIANT GLOBAL LOGISTICS, INC. ("RADIANT"), FEDEX CARGO ("FEDEX"), STRIPED PIG DISTILLERY, LLC ("SPD"), LOCAL CHOICE, INC. ("LC") and DOES 1 through 10, and alleges as follows:

## NATURE OF CASE

1. PLAINTIFF brings this action to recover compensation for actual losses incurred due to damaged CARGO consisting of approximately 1350 custom designed bottles of Xul Vodka and 225 branded boxes (the "SUBJECT CARGO"). Defendants LC and SPD manufactured the SUBJECT CARGO, which was purchased by PLAINTIFF to be sold to PLAINTIFF'S customers and used for marketing at a time sensitive promotional event, stored the SUBJECT CARGO at their facility and agreed to arrange for the SUBJECT CARGO to be shipped to PLAINTIFF. After substantial delays, the SUBJECT CARGO was delivered to PLAINTIFF'S business location by defendant FEDEX in a damaged and unusable condition, causing PLAINTIFF to lose the value of the product, substantial revenue and prospective economic benefits in an amount that will be established according to proof at the time of trial and is believed to be more than $1.2 Million. Accordingly, PLAINTIFF seeks both damages for the value of the SUBJECT CARGO that was damaged and consequential damages attributable to the damaged product.

/ / /

/ / /

## PARTIES

2. PLAINTIFF is a Texas corporation, registered in the State of California, with its principal place of business in the County of Riverside, City of Chino, State of California.

3. PLAINTIFF is informed and believes that defendant RADIANT, a Washington corporation registered in the State of California, is licensed as a transportation broker, which provides common carrier and/or freight forwarder transportation services (as defined by 49 U.S.C. § 14706) for commercial goods for compensation throughout the United States, with its principal place of business located in the City of Renton, State of Washington.

4. PLAINTIFF is informed and believes that defendant FEDEX, a Delaware corporation registered in the State of California, is a common carrier and/or freight forwarder (as defined by 49 U.S.C. § 14706), providing transportation services for commercial goods for compensation throughout the United States, with its principal place of business located in the City of Memphis, State of Tennessee.

5. PLAINTIFF is informed and believes that defendants SPG and LC are business entities formed in the State of South Carolina, which are engaged in the distillery business, including the manufacturing and bottling of spirits, with their principal place of business located in the City of Charleston, State of South Carolina.

6. PLAINTIFF is informed and believes that there exists, and at all times mentioned herein existed, a unity of interest between defendants SPG and LC, such that any individuality and separateness between them has ceased and they should therefore be treated as a single entity, disregarding the separate legal existence of one or both corporations based on the fact that one or both defendants was so

inadequately capitalized that, compared with its business activities and the risks of loss attendant thereto, its capitalization was illusory or trifling; the business operations, assets and accounts of both entities were so intertwined and controlled by the same individuals that they should be treated as a single entity; SPG was a mere shell, instrumentality and conduit through which LC conducted its business, and vice versa, exercising control and dominance over each other to such an extent that any individuality or separateness of the two entities, does not now, and at any time mentioned herein did not exist; said defendants are and always have been controlled and owned by the same individuals; and adherence to the fiction of SPG and LC existing as separate legal entities would permit abuse of the corporate privilege and produce an inequitable result.

7. PLAINTIFF is informed and believes that DOES 1 through 10, inclusive, are individuals, partnerships, corporations, or other entities whose exact identities are unknown, but are believed to be agents, employees, lessees, officers, directors, contractors, or other individuals acting, or purporting to act on behalf of the named defendants. PLAINTIFF is informed and believes, and based thereon alleges, that each of these fictitiously named defendants is responsible in some manner for the acts, occurrences and liabilities herein alleged. PLAINTIFF will seek leave to amend this Complaint to include the true identities and capacities of said DOE defendants, when such information is ascertained. As used herein, the term “DEFENDANTS” shall mean and refer to the named defendants and DOES 1-10.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises under 28 U.S.C. § 1332 in that there is complete diversity between PLAINTIFF and DEFENDANTS, and the amount in controversy exceeds $75,000.00 (diversity jurisdiction).

9. Alternatively and/or additionally, PLAINTIFF brings this lawsuit pursuant to 49 U.S.C. § 14706, the Carmack Amendment to the Interstate Commerce Act, with respect to the claims against defendants RADIANT and FEDEX, which at all times herein relevant, were providing interstate transportation services and this case concerns goods damaged by interstate motor carriers during the interstate shipment of goods. Consequently, this Court has original jurisdiction pursuant to 28 U.S.C. §1331 (federal question jurisdiction) for the claims against the foregoing DEFENDANTS.

10. This Court also has jurisdiction of PLAINTIFF's claims against all of the DEFENDANTS pursuant to 28 U.S.C. § 1337, as the claims against the foregoing Defendants involves interstate commerce and the matter in controversy for the shipment of goods (which are not "household goods") through interstate commerce, under a bill of lading, exceeds $10,000.00.

11. Venue is proper pursuant to 49 U.S.C. § 14706, with respect to the claims against DEFENDANTS and, pursuant to 28 U.S.C. § 1391, because the damaged SUBJECT CARGO was delivered to and is located in the City of Chino, County of Riverside, California.

12. Venue is also proper in this district by agreements between the subject parties as the subject carriers agreed to deliver the SUBJECT CARGO to this district.

13. This Court has personal jurisdiction over DEFENDANTS because, inter alia, DEFENDANTS agreed to do business in the State of California and the claims in this action arise out of and are related to DEFENDANTS' contacts with the State of California.

## FACTUAL BACKGROUND

14. PLAINTIFF entered into a legally binding written manufacturing and supply agreement with SPG and LC, the terms of which are memorialized in written correspondence between the parties and an invoice, dated July 15, 2021 (See Exhibit "A"), which required said defendants to timely manufacture, package, store and arrange for the safe and secure shipment of the SUBJECT CARGO to PLAINTIFF (the "MANUFACTURING AGREEMENT"). The terms of the Agreement were negotiated between Sal Ortiz, on behalf of Plaintiff and Paula-Dezzutti, on behalf of LC and SPG.

15. PLAINTIFF entered into a legally binding written agreement with RADIANT whereby RADIANT agreed to act as the broker/freight forwarder for the shipment of the SUBJECT CARGO pursuant to a shipment invoice dated February 7, 2023 (See Exhibit "B")(the "SHIPMENT AGREEMENT").

16. RADIANT arranged for the shipment of the SUBJECT CARGO by defendant FEDEX from SPG's warehouse in South Carolina to its final destination at PLAINTIFF'S place of business located at 14606 Pipeline Ave, Chino, California as confirmed in a Bill of Lading dated December 28, 2022.

17. FEDEX picked up the SUBJECT CARGO from SPG's warehouse and delivered it to PLAINTIFF'S business location in California.

18. The SUBJECT CARGO was significantly damaged upon arrival at PLAINTIFF'S business location in California, with a majority of the bottles and boxes received in unusable and unsaleable condition.

19. As a result of the damage done to the SUBJECT CARGO, PLAINTIFF was unable to use and sell many of the branded bottles of vodka and packaging material and incurred approximately $1.2 Million dollars in personal property damage and consequential damages including loss of sales revenue.

20. The Defendants were timely notified of the damage to the SUBJECT CARGO and the resulting damages and demands have been made with respect to the same.

**<u>FIRST CLAIM FOR RELIEF</u>**

**(CARMACK AMENDMENT LIABILITY against FEDEX and RADIANT)**

21. PLAINTIFF realleges and incorporates by this reference paragraphs 1-20 of this Complaint as if fully set forth herein.

22. Pursuant to 49 U.S.C. § 14706, a carrier transporting cargo in interstate commerce is subject to absolute liability for actual loss or injury to property.

23. Pursuant to 49 U.S.C. § 13102(3), the term "carrier" includes a "motor carrier" and "freight forwarder."

24. Defendants RADIANT and FEDEX are "motor carriers" and/or "freight forwarders" under the Carmack Amendment.

25. PLAINTIFF is informed that the SUBJECT CARGO was in good condition after being manufactured by SPG and LC and before it was released to defendant FEDEX for shipment.

26. The SUBJECT CARGO was damaged while in the care, custody, and control of Defendants RADIANT and FEDEX and was delivered to PLAINTIFF in Chino, California in a substantially damaged condition.

27. Due to the foregoing damage to the SUBJECT CARGO, Plaintiff has suffered a specified amount of damages, including personal property damage and foreseeable consequential damages of approximately $1.2 Million as the subject defendants were on notice that the SUBJECT CARGO consisted of fragile and expensive collector grade spirits in branded bottles and that such consequential damages would occur if the SUBJECT CARGO was not timely delivered in good condition.

28. Under the Carmack Amendment, 49 U.S.C. § 14706, Defendants RADIANT and FEDEX are liable to Plaintiff for the foregoing damages, together with interest, costs and attorneys' fees.

**SECOND CLAIM FOR RELIEF**

**(BREACH OF CONTRACT AGAINST SPG, LC and RADIANT)**

29. ORTIZ realleges and incorporates by this reference paragraphs 1-28 of this Complaint as if fully set forth herein.

30. The MANUFACTURING AGREEMENT is a valid and enforceable contract that required SPG and LC to manufacture the SUBJECT CARGO and package and store it in a safe and secure manner and to ensure that adequate precautions were taken during the process of delivering and releasing the SUBJECT CARGO for shipment to minimize and/or mitigate the risk of the product being damaged during transit.

31. The subject SHIPPING AGREEMENT governing carriage is a valid and legally binding agreement that required defendant RADIANT to provide proper performance of the shipping services provided.

32. PLAINTIFF and its agents have duly performed all valid conditions and obligations required of PLAINTIFF pursuant to the SHIPPING AGREEMENT and MANUFACTURING AGREEMENT.

33. PLAINTIFF is informed and believes that SPG and LC breached their contractual obligations to PLAINTIFF by failing to safely and securely store the SUBJECT CARGO, failing to properly secure and pack the SUBJECT CARGO for shipment and failing to take necessary precautions in releasing it to defendants RADIANT and FEDEX that it knew or should have known would likely result in the SUBJECT CARGO being damaged during shipment to PLAINTIFF.

34. PLAINTIFF is informed and believes that defendant RADIANT breached the terms of the SHIPPING CONTRACT resulting in damage to the SUBJECT CARGO by, among other things, failing to exercise due diligence and taking reasonable measures to ensure the safe and timely delivery of the goods, managing potential risks, selecting reputable carriers, warehousemen and other third parties involved in the shipment, and ensuring these parties are adequately instructed and supervised to avoid any negligence and mishandling of the goods.

35. Due to the foregoing damage to the SUBJECT CARGO, Plaintiff has suffered a specified amount of damages, including personal property damage and foreseeable consequential damages of approximately $1.2 Million as the subject defendants were on notice

that the SUBJECT CARGO consisted of fragile and expensive collector grade spirits in branded bottles and that such consequential damages would occur if the SUBJECT CARGO was not timely delivered in good condition.

## THIRD CLAIM FOR RELIEF

## (NEGLIGENCE AGAINST SPG, LC and DOES 1-10)

36. PLAINTIFF realleges and incorporates by this reference paragraphs 1-35 of this Complaint as if fully set forth herein.

37. At all times relevant hereto, Defendants SPG, LC and DOES 1-10 and their agents owed PLAINTIFF a duty to exercise and employ reasonable care under the circumstances in manufacturing, storing, packing and transferring the SUBJECT CARGO to the shippers to minimize and mitigate the risk of damage to the product and ensure that it was delivered to PLAINTIFF in good quality condition.

38. The foregoing Defendants were negligent and breached their duty to exercise and employ reasonable care under the circumstances by among other things failing to exercise due diligence and taking reasonable measures to ensure the safe and secure storage and packaging of the SUBJECT CARGO.

39. The foregoing defendants' negligence has resulted in damage to PLAINTIFF in the amount of at least $1.2 Million.

40. By reason of the foregoing, said defendants are liable to PLAINTIFF in the amount not less than $1.2 Million, together with interest and costs.

/ / /

/ / /

/ / /

**FOURTH CLAIM FOR RELIEF**

**(Breach of Bailment Agreement against SPG, LC and DOES 1-10)**

41. PLAINTIFF realleges and incorporates by this reference paragraphs 1 through 40 of this Complaint as if fully set forth herein.

42. Defendants SPG, LC and DOES 1-10 agreed to store the SUBJECT CARGO and arrange for it to be shipped to PLAINTIFF in good condition, thereby creating a bailment relationship between said defendants and PLAINTIFF.

43. Said defendants were in possession of the SUBJECT CARGO prior to it being shipped to PLAINTIFF.

44. Said defendants failed to keep and store the SUBJECT CARGO in a secure and safe condition while it was in their possession and/or failed to properly and securely package the goods prior to releasing it for shipment to PLAINTIFF.

45. By reason of the foregoing, the SUBJECT CARGO was delivered to PLAINTIFF in a damaged condition as alleged herein.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF requests entry of judgment in its favor as follows:

1. On its First Claim for Relief, PLAINTIFF prays for judgment against Defendant, FEDEX in the amount of at least $1.2 Million, plus pre-judgment interest, costs, and attorneys' fees.

2. On its Second Claims for Relief, PLAINTIFF prays for judgment against Defendants, RADIANT, LC and SPG for actual and consequential damages in the amount of at least $1.2 Million, plus pre-judgment interest, costs, and attorneys' fees.

3. On its Third and Fourth Claims for Relief, PLAINTIFF prays for judgment against Defendants, LC, SPG and Does 1-10 for actual and consequential damages in the amount of at least $1.2 Million, plus pre-judgment interest.

4. For any and all such further relief to which PLAINTIFF may prove to be entitled and/or to which the Court deems appropriate.

Dated: June 2, 2025 LAW OFFICE OF GHASSAN O. HASAN

By: /s/Ghassan O. Hasan___________
Attorneys for Plaintiff
ORTIZ BEVERAGE COMPANY

EXHIBIT "A"

skynova

View Invoice

Print PDF

Local Choice, Inc.
4254 FABER PLACE DR, # 102
NORTH CHARLESTON, SC 29405

PAID

# INVOICE

Sal Ortiz
Sal Ortiz

**Invoice #** 20210710

**Invoice Date** 07/15/2021

**Due Date** 07/15/2021

| Item | Description | Unit Price | Quantity | Amount |
|---|---|---|---|---|
| Service | Machine Setup | 500.00 | 1.00 | 500.00 |
| Product | Case Stamps | 15.00 | 1.00 | 15.00 |
| Service | Liquid and FET | 2.75 | 1440.00 | 3,960.00 |
| Product | Pallet | 14.00 | 4.00 | 56.00 |
| Service | Shipping per pallet | 65.00 | 4.00 | 260.00 |
| Service | Credit Card Fee | 143.73 | 1.00 | 143.73 |

NOTES: We appreciate your business.

Please disregard credit card fee if paid by Venmo or Zelle.

Venmo: Paula-Dezzutti
Zelle: 843-814-8347, paula@localchoice.us

For billing questions contact accounts@localchoice.us and an account manager will return your call within one business day.

| | |
|---|---|
| **Subtotal** | 4,934.73 |
| **Total** | 4,934.73 |

| | |
|---|---|
| **Amount Paid** | 4,934.73 |
| **Balance Due** | $0.00 |

EXHIBIT "B"

RADIANT GLOBAL LOGISTICS

RADIANT GLOBAL LOGISTICS - LAX
21175 S. MAIN STREET, UNIT D
CARSON CA 90745

LAX@RADIANTDELIVERS.COM
Phone : +18662255289
Fax :

**Invoice #** : 8000494069
**Invoice Date** : 02/07/2023
**Account** : 4810005
**Terms** : Payable upon receipt
**Due Date** : 02/07/2023
**Total Due** : 2,325.00 USD

# SHIPMENT INVOICE

## Bill To

**Attn :**

RGLLAX CREDIT CARD
PO BOX 3627
BELLEVUE WA 98009 US

**Ref #** :

## Shipper

**Attn :**

STRIPED PIG DISTILLERY
2225 OLD SCHOOL DRIVE
NORTH CHARLESTON SC 29405 US

**Ref # :**

## Details

**HAWB #** : 1000488661
**Service Level** : TRUCK LOAD (FTL)
**Pickup Date** : 12/28/2022
**# of Pcs** : 3 **COD. Value** : 0.00 USD
**Insurance** : 0.00 USD **Dec. Value** : 0.00 USD

| Actual Wt. | Volume Wt. | Chargeable Wt. |
|---|---|---|
| 4956 LB | 1485 LB | 4956 LB |
| 2248 KG | 674 KG | 2248 KG |

## Consignee

**Attn :**

RECEIVING
14606 PIPELINE AVE
CHINO CA 91710 US

**Ref # :**

## Calculator Details

| Item | Pallets | Quantity | Length | Width | Height | Units | Lbs | Kgs | CFT | CM | Number and Marks |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | 3 PC | 48 | 40 | 50 | " | 4,956.00 | 2,248 | 167 | 4.72 | pallets are filled cases. 225 |

## Description of Goods

## Invoice Comments

**POD Date:** 01/11/2023 **Time :** 11:24:00 **Rcvd By :** SAL **Pcs Dlvd :** 3

## Charges

| Description | Quantity | Rate | | Charge | |
|---|---|---|---|---|---|
| Freight Charges | 1.00 | 2,325.00 | USD | 2,325.00 | USD |
| Payment Reference Number: 1672166686000 | 1.00 | 0.00 | USD | 0.00 | USD |

Terms and Conditions as per Company Website
http://www.RadiantGlobalLogistics.com

**Total Due:** 2,325.00 USD

---

To Ensure Proper Credit, Please Return This Portion With Payment !

## Bill To:

RGLLAX CREDIT CARD
PO BOX 3627
BELLEVUE WA 98009 US

**Account** :4810005

## Remit to:

Radiant Global Logistics
PO Box 844722
Dallas TX 75284-4722

**Invoice #** : 8000494069
**Ship Date** : 12/28/2022
**Invoice Date** : 02/07/2023
**Service Level** : TRUCK LOAD (FTL)
**Origin Port** : CHS
**Dest. Port** : ONT
**Charges** : 2,325.00 USD